UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SABRINA M. HAMMOND-WILLIAMS, *et al.*,

                Plaintiff,

v.

AARON FUCHS, *et al.*,

                Defendants.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 4-5-21

21-CV-1121 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiffs, non-attorneys, bring this action on behalf of Roy C. Hammond, who is deceased. In the complaint, Plaintiffs do not identify their relationship to Hammond or allege under what authority they seek to bring this action. It is thus unclear whether they can proceed with this action on Hammond's behalf.

    The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). Generally, a person who is not an attorney may not represent anyone other than him or herself in federal court. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (internal quotation marks and citation omitted)). Further, "an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant," *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997), because "the personal interests of the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings," *Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998). But where the estate has no other beneficiaries or creditors, then the administrator and sole beneficiary may appear *pro se* on behalf of the estate "[b]ecause the

administrator is the only party affected by the disposition of the suit." *See Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010); *Pappas v. Philip Morris, Inc.*, 915 F.3d 889, 897 (2d Cir. 2019).

Plaintiffs are thus ordered to show cause why they should be allowed to proceed *pro se* with this action on Hammond's behalf.  They may do so through a letter to the Court, which they must file no later than April 23, 2021.  If Defendants wish to respond to Plaintiffs' letter, they may do so by filing a letter with the Court no later than May 7, 2021.

The Court would also like to inform Plaintiffs that free legal assistance may be available to them should they find that they need it.  Specifically, the New York Legal Assistance Group ("NYLAG"), which is an independent free legal clinic, may be able to assist them.  Plaintiffs can reach NYLAG by calling (212) 613-500 or emailing info@nylag.org.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiffs.

SO ORDERED.
Dated:     April 5, 2021
           New York, New York

                                        _____
                                        RONNIE ABRAMS
                                        United States District Judge