| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC-SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#:<br>DATE FILED: 5-13-21 |

SABRINA M. HAMMOND-WILLIAMS, *on behalf of Roy C. Hammond, deceased*, and HENRY I. CISCO,

                      Plaintiffs,

                v.

AARON FUCHS, *et al.*,

                      Defendants.

21-CV-1121 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiffs bring this action on behalf of Roy C. Hammond ("Roy"), now deceased, to whom they allege Defendants failed to pay agreed-upon royalties for Hammond's song "Impeach the President." *See* Dkt. 1 at 8. Plaintiff Sabrina Hammond-Williams ("Sabrina") is the daughter of the deceased, while Plaintiff Henry Cisco ("Henry") is his nephew. Dkt. 23 at 2. Plaintiffs are seeking to proceed *pro se*. On April 5, 2021, the Court ordered Plaintiffs to show cause why they should be permitted to proceed *pro se* on behalf of Roy's estate. *See* Dkt. 20. Upon reviewing the submissions of both parties, the Court concludes that Plaintiffs may not proceed *pro se* in this action. The complaint is thus dismissed without prejudice, although Plaintiffs are granted leave to file an amended complaint within sixty days of the date of this order.

## DISCUSSION

    "A person who is not an attorney may only represent himself in a *pro se* action; he may not represent another entity." Grossetti v. Comm'r, 19-CV-6784 (CM), 2019 U.S. Dist. LEXIS 165633, 2019 WL 4688699, at *2 (S.D.N.Y. Sept. 26, 2019); *see also Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance *pro se* denotes (in law latin) appearance for one's self; so that a person

ordinarily may not appear pro se in the cause of another person or entity."). For this reason, "an administratrix or executrix of an estate may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant," *Pridgen*, 113 F.3d at 393, because "the personal interests of the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings," *Iannaccone v. Law*, 142 F.3d 553, 559 (2d Cir. 1998). Only an "administrator and sole beneficiary of an estate with no creditors may appear pro se on behalf of the estate." *Guest v. Hanson*, 603 F.3d 15, 21 (2d Cir. 2010).

On April 5, 2021, the Court issued the above-cited order to show cause. *See* Dkt. 20. On April 26, 2021, Sabrina filed a letter in response, asserting that she and her mother, Eddie Hammond ("Eddie"), were the only relevant beneficiaries to Roy's estate, and noting that they were given "explicit permission . . . to pursue all legal actions pertaining to" Roy and his estate. Dkt. 29 at 2.

Plaintiffs filed a copy of Roy's will with this letter. *Id*. at 3–4. The will indicates that there are in fact numerous beneficiaries to the estate, including Eddie, Sabrina, Deborah Creech, Glendina Martin, Roy Charles Hammond Jr., and Gregory Hammond. *Id*. The will also suggests that Roy had creditors, as it authorizes his personal representative to pay all of his "just debts." *Id*. at 3.

Based on these submissions, it appears that Henry is not a beneficiary to Roy's estate. Perhaps for this reason, Sabrina has also filed a motion for leave to file an amended complaint, seeking to remove Henry as a plaintiff in this action and to replace him with Eddie, who—as mentioned above—is a beneficiary of the estate. Dkt. 23.

On May 7, 2021, Defendants filed a letter in response, in which they asserted that because the estate has multiple beneficiaries and possible creditors, Sabrina cannot proceed *pro se* in this action, even if Eddie replaced Henry as Sabrina's co-plaintiff. Dkt. 32.

The Court agrees with Defendants. As an initial matter, the documents submitted alongside Plaintiffs' April 26 letter make clear that Roy's estate has multiple beneficiaries besides Sabrina and

Eddie. *See* Dkt. 29 at 3 (bequeathing Roy's royalties to Eddie, Sabrina, Deborah Creech, and Glendina Martin). Further, Plaintiffs have failed to show that the estate lacks creditors. Indeed, the documents submitted with Plaintiff's April 26 letter suggest that it does. *See* Dkt. 29 at 3 (authorizing Roy's personal representative to pay all of his "just debts").

Accordingly, Roy's estate cannot be represented *pro se*, whether by Sabrina and Henry, by Sabrina and Eddie, or by any of these three individuals on their own without the assistance of an attorney. Plaintiffs must obtain counsel to proceed with this action. The Court thus dismisses this complaint with leave to file an amended complaint through counsel within sixty days of this order.

Finally, the Court would like to remind Plaintiffs that free legal assistance may be available to them through the New York Legal Assistance Group ("NYLAG"), which is an independent free legal clinic that assists litigants in this Court. Plaintiffs can reach NYLAG by calling (212) 613-500 or emailing info@nylag.org.

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiffs.

SO ORDERED.

Dated: May 13, 2021
        New York, New York

                                                RONNIE ABRAMS
                                                United States District Judge