UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE ESTATE OF ROY C. HAMMOND BY AND
THROUGH HIS ADMINISTRATOR AND
PERSONAL REPRESENTATIVE, EDDIE B.
HAMMOND,

        *Plaintiff*,

  -against-

AARON FUCHS (D/B/A TUFF CITY RECORDS);
TUFAMERICA, INC. (D/B/A SWING BEATS
SONGS); AND FUNKY DELICACIES RECORDS,

        *Defendants*.

Docket No. 1:21-cv-1121-RA

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................ ii
PRELIMINARY STATEMENT ........................................................................................................ 1
STATEMENT OF FACTS .................................................................................................................. 2
ARGUMENT ......................................................................................................................................... 5

    I.      On a Motion to Dismiss, Plausibly-Alleged Facts and Incorporated Documents are Assumed to Be True, but Implausible or Demonstrable False Allegations are Not .................................................................................................................................. 5

    II.     Count I – for Breach of Contract – Must Be Dismissed Because Any Breach of Contract Claim Arose More than Six Years Before the Plaintiff Group Filed the Original Complaint ................................................................................................................. 6

    III.    Count II – for Copyright Infringement – Must Be Dismissed Because Any Copyright Infringement Claims Arose More than Three Years Before the Plaintiff Group Filed the Original Complaint ................................................................................. 7

    IV.    Count II – for Copyright Infringement – Must Also Be Dismissed Because Plaintiff is Not the Owner of the Copyright in the Master Recording, and Because Plaintiff May Not Sue the Co-Owner of the Copyright in the Composition, for "Impeach the President" .......................................................................................................... 8

    V.     If the Court Dismisses the Third Amended Complaint, It Should Also Award Defendants Their Full Costs and Reasonable Attorney's Fees as the Prevailing Parties ................................................................................................................................... 11

    VI.    If the Court Dismisses the Third Amended Complaint, It Should Also Sanction Plaintiff's Prior and Current Counsel for Joining and Maintaining this Vexatious Litigation ............................................................................................................................. 12

CONCLUSION .................................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*Bristol-Myers Squibb Secs. Litig.*, 312 F. Supp. 2d 549 (S.D.N.Y. 2004) ................................. 2, 6

*Hahn Auto. Warehouse, Inc. v. Am. Zurich Ins. Co.*, 18 N.Y.3d 765 (2012) ................................ 6

*Martell v. Cohen Clair Lans Greifer Thorpe & Rottenstreich, LLP*, No. 18 CIV. 9692, 2019 WL 4572196 (S.D.N.Y. Sept. 20, 2019) ......................................................................................... 2, 5

*Masi v. Moguldom Media Grp. LLC*, No. 18 Civ. 2402 (PAC), 2019 WL 3287819 (S.D.N.Y. July 22, 2019) ................................................................................................................................. 8

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184 (2d Cir. 2007) ............................................ 5

*Merck & Co. v. Reynolds*, 559 U.S. 633 (2010) ........................................................................... 8

*NEM Re Receivables, LLC v. Fortress Re, Inc.*, 173 F. Supp. 3d 1 (S.D.N.Y.), *reconsid. denied*, 187 F. Supp. 3d 390 (S.D.N.Y. 2016) ......................................................................................... 6

*Oddo v. Ries*, 743 F.2d 630 (9th Cir. 1984) ................................................................................ 10

*Picture Music Inc. v. Bourne, Inc.*, 314 F. Supp. 640 (S.D.N.Y. 1970), *aff'd*, 457 F.2d 1213 (2d Cir.), *cert. denied*, 409 U.S. 997 (1972) .................................................................................... 10

*PK Music Performance, Inc. v. Timberlake*, No. 16-CV-1215 (VSB), 2018 WL 4759737 (S.D.N.Y. Sept. 30, 2018) ........................................................................................................... 8

*Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120 (2d Cir. 2014) ............................................... 7

*Richmond v. Weiner*, 353 F.2d 41 (9th Cir. 1965) ...................................................................... 10

*Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182 (2d Cir. 2012) ........................... 9

*Sierra Club v. Con-Strux, LLC*, 911 F.3d 85 (2d Cir. 2018) ......................................................... 5

*Wu v. Bitfloor, Inc.*, 460 F. Supp. 3d 418 (S.D.N.Y. 2020) .......................................................... 5

**Statutes**

17 U.S.C. § 505 ............................................................................................................................ 11

17 U.S.C. § 507(b) ......................................................................................................................... 7

28 U.S.C. § 1927 ..................................................................................................................... 2, 12

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 5

N.Y. C.P.L.R. § 213(2) ................................................................................................................. 6

## PRELIMINARY STATEMENT

Defendants Aaron Fuchs, TufAmerica, Inc. and Funky Delicacies Records ("Defendants") submit this memorandum of law, and the accompanying Declaration of Hillel I. Parness ("Parness Dec.") in support of their motion to dismiss the Third Amended Complaint ("3AC") (ECF 45) of Plaintiff The Estate Of Roy C. Hammond By And Through His Administrator And Personal Representative, Eddie B. Hammond ("Plaintiff" or the "Estate"), pursuant to Fed. R. Civ. P. 12(b)(6).

Roy C. Hammond ("Hammond") was a musical artist who died in September 2020. Back in 2001, Hammond entered into a Settlement Agreement with Defendant TufAmerica, Inc. ("TufAmerica"), effective January 1, 2001 (the "2001 Settlement Agreement") (ECF 1 at 41-64; ECF 23-1 at 40-63), concerning the parties' respective ownership of certain musical master recordings and musical compositions, and TufAmerica's role as administrator of the musical works covered by that agreement. *See* Parness Dec. ¶ 3 & Ex. B. The Estate brings claims against Defendants for purported breaches of the 2001 Settlement Agreement, and for copyright infringement of certain of the musical works covered thereunder.

Plaintiff's breach of contract claims must be dismissed as they are barred by the six-year statute of limitations applicable to contract claims. Plaintiff's copyright claims must be dismissed because they arose more than three years before the institution of this lawsuit, because Plaintiff is not the owner of the copyright in the master recordings at issue, and because Plaintiff may not sue the co-owner of the copyright in the musical compositions at issue. The Third Amended Complaint should be dismissed, in its entirety, with prejudice.

Plaintiff should also be ordered to pay Defendants their full costs and reasonable attorney's fees as the prevailing parties under the Copyright Act, and their current and former

counsel should be sanctioned for bringing, joining and maintaining a baseless and vexatious litigation under 28 U.S.C. § 1927.

## STATEMENT OF FACTS[1]

The 3AC contains two counts:

- Count I: Breach of Contract of the 2001 Settlement Agreement; and
- Count II: Federal Copyright Infringement.

In connection with these claims, the Estate alleges all of the following:

> 5. All of the claims asserted herein arise out of and are based upon Defendant's copying, reproduction, distribution, sale and licensing of Roy C.'s Songs without Plaintiff's consent….
>
> 15. Plaintiff is the owner of valid and subsisting United States Copyright Registration for "Impeach the President" and Roy C.'s Songs issued by the United States Copyright Office.[2]
>
> **B.  Defendants' Failure to Perform per the 2001 Settlement Agreement**
>
> 27. Upon information and belief, <u>Defendants continued to breach</u> the terms of the 2001 agreement <u>between 2001 and 2011</u>.
>
> 29. Upon information and belief, <u>Defendants breached</u> the contract (2001 Agreement) with Plaintiff <u>as early as 2002</u>. On <u>January 15, 2002</u>, Defendants failed to provide accounting and

---

[1] For purposes of this motion, Defendants assume Plaintiff's alleged facts and incorporated documents to be true, except where such alleged facts are implausible or demonstrably false. *Martell v. Cohen Clair Lans Greifer Thorpe & Rottenstreich, LLP*, No. 18 CIV. 9692, 2019 WL 4572196, at *2 (S.D.N.Y. Sept. 20, 2019) (*citing Bristol-Myers Squibb Secs. Litig.*, 312 F. Supp. 2d 549, 569-570 (S.D.N.Y. 2004)).

[2] As discussed below, this statement is definitively false, and the Court should not assume it to be true for purposes of this motion. TufAmerica owns 100% of the copyright in the master recording, and TufAmerica and the Estate each own 50% of the copyright in the composition, for "Impeach the President."

> royalty payments, and Plaintiff sent a notice of default to Defendants.
>
> 30. On November 11, 2009, BMI (publishing company) sent a statement to Roy C. informing that $67,265.83 would be taken from Roy C.'s account because TufAmerica Inc. claimed entitlement to the money for 2008 and 2009. Defendants had failed to provide accounting nor had they paid royalties to Roy C. during the years 2008 and 2009, and were in violation of the 2001 Agreement as alleged in foregoing paragraphs.
>
> 31. On November 4, 2011, Roy C. sent a letter via attorneys, notifying Defendants of their failure to provide accounting and royalty payments.
>
> 32. Between March 2015 and August 2016, Roy C. demanded his rightful share (50%) of royalties in a correspondence with Defendant Fuchs.
>
> **C.     Defendants' Infringing Conduct**
>
> 36. Because Defendants were patently in violation of the 2001 Agreement, Defendants had no right to claim any entitlement to any ownership or copyrights to Roy C.'s songs including "Impeach the President."
>
> 37. Notwithstanding the above, Defendants published, reproduced, publicly displayed, distributed, sold licenses to, and otherwise exploited Roy C.'s songs and obtained profits therefrom between 2001 to date including "Impeach the President".

ECF 45 (emphases added).

For purposes of this motion, key provisions of the 2001 Settlement Agreement include the following:

> 34. ….Tuff City, Fuchs, Hammond and Alaga all agree that the copyrights, and renewal rights, to the master component of "Impeach the President" was irrevocably transferred and assigned to Fuchs on May 5, 1982.
>
> 39. On November 25, 1991, Tuff City secured copyright registration SR-136-339, which covers both the master and musical composition components of the song "Impeach the President." Alaga, Hammond and J&H all agree that Tuff City properly registered this copyright, and that the information contained therein is correct. Alaga, Hammond and J&H all agree that Tuff

3

> City has always had the right to bring any claims on or related to this copyright, as the exclusive owner of all rights under 17 U.S.C. §§ 106-118.
>
> 57.     Notwithstanding anything to the contrary contained in any prior agreements between Hammond, Alaga or Tuff City, Tuff City and Hammond agree that Hammond, or his publishing designee, and <u>Tuff City shall each own an undivided fifty (50%) percent ownership interest</u>, including the worldwide copyrights therein and any renewals or extensions thereof, to the <u>compositions</u> entitled "Impeach the President" and "Roy C.'s Theme"….

ECF 23-1 (emphasis added).

The 2001 Settlement Agreement – which Plaintiff incorporates into and relies upon for purposes of the 3AC – recites that Defendants are the original owners of the copyright in both the master recordings and musical composition of the works at issue, and that Defendants granted a 50% ownership in the compositions, but not the master recordings, to Plaintiff. Thus, Defendants remain the 100% owner of the master recordings and the 50% owner – with Plaintiff – of the musical compositions.

## **PROCEDURAL POSTURE**

The original plaintiffs (various purported members of the Hammond family) filed the original Complaint (ECF 1) on February 3, 2021 and purported to have served it upon all of the Defendants on March 17, 2021 (ECF 17). On April 5, 2021, the Court ordered the plaintiff group to show cause why they should be allowed to proceed *pro se* in this matter. ECF 20. On April 26, 2021, the plaintiff group moved for leave to amend the original Complaint so as to proceed *pro se*. ECF 23. On May 13, 2021, after hearing from the parties, the Court denied the plaintiff group's motion to amend and proceed *pro se*, and dismissed the complaint, but granted leave for the plaintiff group to retain counsel and file a further amended complaint by July 12, 2021. ECF 33.

4

On July 15, 2021, October 29, 2021, and November 30, 2021, the Court granted the plaintiff group's requests for additional time and leave to file an amended complaint. ECF 38, 40, 44. The current Plaintiff – the Estate – filed the Third Amended Complaint (ECF 45) on November 30, 2021.

## ARGUMENT

I.   **On a Motion to Dismiss, Plausibly-Alleged Facts and Incorporated Documents are Assumed to Be True, but Implausible or Demonstrable False Allegations are Not**

For purposes of this motion – and this motion alone – Defendant assumes the plausible facts alleged by Plaintiff to be true. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) ("In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, we accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party") (citations omitted). Because Plaintiff references and relies upon the parties' 2001 Settlement Agreement (*see*, *e.g.*, ECF 45 ¶¶ 20-30, 44-50) for its breach of contract claim, and attached and incorporated said agreement to the various versions of the Complaint (*see* ECF 1 at 41-64; ECF 23-1 at 40-63), there is no question that it is considered part of the 3AC for purposes of the foregoing exercise. *Wu v. Bitfloor, Inc.*, 460 F. Supp. 3d 418, 425 (S.D.N.Y. 2020) ("A complaint is also deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint.") (*quoting Sierra Club v. Con-Strux, LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (internal quotation marks and citations omitted)).

Allegations that are facially implausible or demonstrably false because they are contradicted by Plaintiff's own statements or the documents upon which Plaintiff relies, however, are <u>not</u> assumed to be true for purposes of Rule 12(b)(6). *Martell v. Cohen Clair Lans*

*Greifer Thorpe & Rottenstreich, LLP*, No. 18 CIV. 9692, 2019 WL 4572196, at *2 (S.D.N.Y. Sept. 20, 2019) (citing *Bristol-Myers Squibb Secs. Litig.*, 312 F. Supp. 2d 549, 569-570 (S.D.N.Y. 2004)).  This becomes relevant below in our discussion of the ownership of the copyrights in the master recordings and musical compositions at issue, as there are statements in the 3AC that are directly contradicted by the 2001 Settlement Agreement.

II.  **Count I – for Breach of Contract – Must Be Dismissed Because Any Breach of Contract Claim Arose More than Six Years Before the Plaintiff Group Filed the Original Complaint**

"In New York, an action for breach of contract has a six-year statute of limitations." *NEM Re Receivables, LLC v. Fortress Re, Inc.*, 173 F. Supp. 3d 1, 8 (S.D.N.Y.) (*citing* N.Y. C.P.L.R. § 213(2)), *reconsid. denied*, 187 F. Supp. 3d 390 (S.D.N.Y. 2016).  "The statute of limitations begins to run when the party making the claim 'possesses a legal right to demand payment.'" *Id*. (*quoting Hahn Auto. Warehouse, Inc. v. Am. Zurich Ins. Co*., 18 N.Y.3d 765, 770 (2012)).

The plaintiff group filed the first iteration of the Complaint on February 3, 2021 (ECF 1). Any valid claims for breach of contract must have arisen – Plaintiff or its predecessors must have had an extant legal right – after February 3, 2015.  However in the 3AC itself Plaintiff alleges breaches commencing in 2001 (ECF 45 ¶ 11) or 2002 (*id*. ¶ 12).  These allegations are fatal to Plaintiff's breach of contract claims, as Plaintiff affirmatively asserts that its legal right arose in 2001 or 2002.  Also fatal to Plaintiff's claim are the numerous times that Plaintiff affirmatively asserts that it knew of its claims and brought those claims to Defendants' attention, beginning with January 15, 2002, when Plaintiff claims it sent a notice of default to Defendants.  *Id*. ¶ 29. Plaintiff also claims to have received evidence of Defendants' alleged breaches in 2009 (*id*. ¶ 30), gave notice to Defendants in 2011 (*id*. ¶ 31), before giving notice again "between March 2015 and August 2016."  *Id*. ¶ 32.

6

Plaintiff's breach of contract claim is time-barred under the New York six-year statute of limitations, and should be dismissed with prejudice.

**III.    Count II – for Copyright Infringement – Must Be Dismissed Because Any Copyright Infringement Claims Arose More than Three Years Before the Plaintiff Group Filed the Original Complaint**

Like its contract claim, the Estate's copyright claim is also untimely and should be dismissed. The Estate's copyright claim is tied to its breach of contract claim, as reflected in these paragraphs from the 3AC, where Plaintiff alleges that <u>because</u> Defendants breached the 2001 Settlement Agreement, anything they did with respect to the copyrighted works was copyright infringement:

> 36.    <u>Because Defendants were patently in violation of the 2001 Agreement, Defendants had no right to claim any entitlement to any ownership or copyrights</u> to Roy C.'s songs including "Impeach the President."
>
> 37.    Notwithstanding the above, <u>Defendants published, reproduced, publicly displayed, distributed, sold licenses to, and otherwise exploited Roy C.'s songs and obtained profits therefrom between 2001 to date</u> including "Impeach the President".

Even if this were a legally-coherent theory (which it is not), the Estate's claims would be time-barred.

"Civil actions for copyright infringement must be 'commenced within three years after the claim accrued.'" *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014) (*quoting* 17 U.S.C. § 507(b)). In *Psihoyos*, the Second Circuit joined all other circuits that have considered the issue by adopting the "discovery rule" to determine when an infringement claim accrues: "copyright infringement claims do not accrue until actual or constructive discovery of the relevant infringement." *Id*. at 125. Therefore, a copyright infringement claim accrues when a plaintiff discovers, or with due diligence should have discovered, the relevant infringement. *Id*. at 124. "In determining the time at which 'discovery' . . . occurred, terms such as 'inquiry notice'

7

and 'storm warnings' may be useful to the extent that they identify a time when the facts would have prompted a reasonably diligent plaintiff to begin investigating." *Merck & Co. v. Reynolds*, 559 U.S. 633, 653 (2010). However, "the limitations period does not begin to run until the plaintiff thereafter discovers or a reasonably diligent plaintiff would have discovered 'the facts constituting the [infringement]'. . . irrespective of whether the actual plaintiff undertook a reasonably diligent investigation." *Id*. "The standard for whether a plaintiff should have discovered the relevant infringement is an objective one." *Masi v. Moguldom Media Grp. LLC*, No. 18 Civ. 2402 (PAC), 2019 WL 3287819, at *5 (S.D.N.Y. July 22, 2019) (*quoting PK Music Performance, Inc. v. Timberlake*, No. 16-CV-1215 (VSB), 2018 WL 4759737, at *7 (S.D.N.Y. Sept. 30, 2018)).

As discussed above, the Estate details that it sent its first notice to Defendants in 2002, with subsequent notices delivered in 2011, and "between March 2015 and August 2016." ECF 45 ¶¶ 29, 31, 35. Even giving the 3AC the most generous read possible (which would not be warranted in light of the allegation regarding notice in 2002), the absolute latest any copyright statute of limitations could have commenced running would have been August 2016, expiring in August 2019, still well before the plaintiff group filed the first version of the complaint on February 3, 2021. ECF 1.

The copyright claim should be dismissed with prejudice.

**IV.    Count II – for Copyright Infringement – Must <u>Also</u> Be Dismissed Because Plaintiff is Not the Owner of the Copyright in the Master Recording, and Because Plaintiff May Not Sue the Co-Owner of the Copyright in the Composition, for "Impeach the President"**

The copyright claim should also be dismissed because the 3AC fails to allege a cognizable claim, even if it were not time-barred. "In order to demonstrate copyright infringement, a plaintiff must show ownership of a valid copyright and copying of the

8

protectable elements of the copyrighted work." *Scholz Design, Inc. v. Sard Custom Homes, LLC*, 691 F.3d 182, 186 (2d Cir. 2012).  The 3AC fails to allege the first requisite element, and therefore fails to assert a claim of copyright infringement.

To the extent that the 3AC alleges that Defendants infringed the copyright in the master recording of "Impeach the President," that claim must fail because <u>Plaintiff itself</u> alleges in the 3AC that Defendants, and not Plaintiff, are the 100% owners of the copyright, as reflected in the 2001 Settlement Agreement, which is incorporated into and made a part of the 3AC:

> 34.     ….Tuff City, Fuchs, Hammond and Alaga all agree that the copyrights, and renewal rights, to the master component of "Impeach the President" was irrevocably transferred and assigned to Fuchs on May 5, 1982.
>
> 39.     On November 25, 1991, Tuff City secured copyright <u>registration SR-136-339</u>, which covers both the master and musical composition components of the song "Impeach the President." Alaga, Hammond and J&H all agree that Tuff City properly registered this copyright, and that the information contained therein is correct. Alaga, Hammond and J&H all agree that Tuff City has always had the right to bring any claims on or related to this copyright, as the exclusive owner of all rights under 17 U.S.C. §§ 106-118.

ECF 23-1 (emphasis added).

The records of the U.S. Copyright Office are consistent with the foregoing, reflecting ownership of the SR-136-339 copyright registration by Tuff City Records:

> *Impeach the President ; Roy C.'s theme song / The Honey Drippers.*
>
> **Type of Work:** Sound Recording and Music
> **Registration Number / Date:** SR0000136339 / 1991-11-25
> **Title:** Impeach the President ; Roy C.'s theme song / The Honey Drippers.
> **Imprint:** c1973.
> **Publisher Number:** Alaga Records AL 1017
> **Description:** 1 sound disc : 45 rpm ; 7 in.
> **Copyright Claimant:** © ℗ Tuff City Records
> **Date of Creation:** 1973
> **Date of Publication:** 1973-10-01
> **Authorship on Application:** composition, performance, recording: Roy C. Hammond, 1934- a.k.a. Roy C.
> **Variant title:** Impeach the President
> **Other Title:** Roy C.'s theme song
> **Names:** Hammond, Roy C., 1934-
> C, Roy
> Honey Drippers
> Tuff City Records
> Roy C.
> Alaga Records

*See* Parness Dec. ¶ 2 & Ex. A.

Because the Estate does not own the copyright in the master recording (and because Defendants are the actual owners), the Estate's copyright claim for infringement of the master recording must be dismissed with prejudice.

To the extent that the 3AC alleges that Defendants infringed the Estate's copyright in the composition of "Impeach the President," it violates a fundamental principle of copyright law, namely that co-owners of a copyright may not sue each other for infringement. *Oddo v. Ries*, 743 F.2d 630, 632-33 (9th Cir. 1984) (*citing Richmond v. Weiner*, 353 F.2d 41, 46 (9th Cir. 1965); *Picture Music Inc. v. Bourne, Inc.*, 314 F. Supp. 640, 646 (S.D.N.Y. 1970), *aff'd*, 457 F.2d 1213 (2d Cir.), *cert. denied*, 409 U.S. 997 (1972)).

10

The 2001 Settlement Agreement – which the Estate incorporates by reference into the 3AC and relies upon for its breach of contract claim – unequivocally states that Plaintiff and Defendants are the co-owners of the composition:

> 39.    On November 25, 1991, Tuff City secured copyright registration SR-136-339, which covers both the master and musical composition components of the song "Impeach the President." Alaga, Hammond and J&H all agree that Tuff City properly registered this copyright, and that the information contained therein is correct. Alaga, Hammond and J&H all agree that Tuff City has always had the right to bring any claims on or related to this copyright, as the exclusive owner of all rights under 17 U.S.C. §§ 106-118.
>
> 57.    Notwithstanding anything to the contrary contained in any prior agreements between Hammond, Alaga or Tuff City, Tuff City and Hammond agree that Hammond, or his publishing designee, and Tuff <u>City shall each own an undivided fifty (50%) percent ownership interest, including the worldwide copyrights therein and any renewals or extensions thereof, to the compositions</u> entitled "Impeach the President" and "Roy C.'s Theme"….

ECF 23-1 (emphasis added).

Because the Estate is the co-owner of the musical composition with Defendants, the Estate may not sue Defendants for copyright infringement, and the infringement claim as it relates to the composition must also be dismissed with prejudice.

**V.     If the Court Dismisses the Third Amended Complaint, It Should Also Award Defendants Their Full Costs and Reasonable Attorney's Fees as the Prevailing Parties**

Section 505 of the Copyright Act, 17 U.S.C. § 505 provides: "In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  In anticipation of Defendants' prevailing on this

11

motion based on the fact that the copyright claims are barred by black-letter law, Defendants seek the maximum recovery of costs and attorney's fees allowed under § 505.

**VI.     If the Court Dismisses the Third Amended Complaint, It Should Also Sanction Plaintiff's Prior and Current Counsel for Joining and Maintaining this Vexatious Litigation**

Separate and apart from the costs and attorney's fees available under the Copyright Act, 28 U.S.C. § 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Plaintiff's prior and current counsel unreasonably and vexatiously multiplied the proceedings in this case.

As discussed herein, all of Plaintiff's claims are barred by the applicable statutes of limitation based on Plaintiff's allegations in the 3AC of when it learned of its purported claims.  Counsel knew or should have known that any potential claims were time-barred, yet proceeded with the filing.  Similarly, counsel knew or should have known that Plaintiff did not own the copyright in the master recording, and that it was the co-owner of the musical composition with Defendants, yet they proceeded to sue Defendants (in one case the true owner, in one case their co-owner) for copyright infringement.  They had no reasonable basis to do so, and there should be consequences under 28 U.S.C. § 1927.

**CONCLUSION**

Defendants' Motion to Dismiss the Third Amended Complaint should be granted, as well as its requests for fees, costs and sanctions.  Because the statute of limitations and standing issues

12

are plainly incurable, and because Plaintiff has been given numerous opportunities by the Court to craft a proper complaint, but has failed each time to do so, the dismissal should be with prejudice.

Dated:   New York, New York  
        December 14, 2021

Respectfully submitted,

      /s/ Hillel I. Parness  
Hillel I. Parness  
PARNESS LAW FIRM, PLLC  
136 Madison Ave., 6th Floor  
New York, New York  10016  
212-447-5299  
hip@hiplaw.com  
*Attorneys for Defendants Aaron Fuchs,*  
*TufAmerica, Inc. and Funky Delicacies Records*