UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THE ESTATE OF ROY C. HAMMOND,<br><br>        Plaintiff/Counterclaim<br>        Defendant,<br><br>        v.<br><br>AARON FUCHS d/b/a Tuff City Records,<br>TUFAMERICA INC. d/b/a Swing Beats Songs and<br>FUNKY DELICACIES RECORDS,<br><br>        Defendants/Counterclaim<br>        Plaintiffs/Third-Party<br>        Plaintiffs,<br><br>        v.<br><br>SABRINA HAMMOND a/k/a Sabrina Mone Hammond-<br>Williams a/k/a Sabrina M. Hammond-Williams; EDDIE<br>B. HAMMOND; HENRY I. CISCO; CAROLINA<br>RECORD DISTRIBUTORS LLC; JOHNSON AND<br>HAMMOND MUSIC BMI, THE LATE ROY C.<br>HAMMOND SONGS AND MUSIC and ALAGA<br>RECORDS,<br><br>        Third-Party Defendants. | No. 21-CV-1121 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

Yesterday, the Court held a final pre-trial conference in this action at which it discussed the pending motions *in limine* and various exhibits. For the reasons stated on the record and herein, the Court now rules as follows:

- Plaintiff's motion *in limine* is denied. Plaintiff's Exhibits 7–9 are relatedly excluded.

- Defendants' first motion *in limine* is granted in part and denied in part. Plaintiff may not introduce Plaintiff's Exhibits 10–13 on its case-in-chief, although it may use them for

impeachment purposes pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii). Defendants shall have the opportunity to conduct a limited deposition over the content of these exhibits.

- Defendants' second and third motions *in limine* are moot.  As agreed, the parties shall adhere to the language used in the Court's preliminary instruction to the jury if and when they refer to the parties' prior dealings before the jury.

- Defendants' objection to Plaintiff's Exhibit 4 is overruled.

- Defendants' relevance objection to Plaintiff's Exhibit 5 is overruled.

- Defendants' hearsay objection to Plaintiff's Exhibit 6 is overruled.  Defendants' discovery responses "constitute party admissions" which are not hearsay.  *Skinner v. City of New York*, 2017 U.S. Dist. LEXIS 104650, at *14 (E.D.N.Y. Apr. 7, 2017); Fed. R. Evid. 801(d)(2).  Nonetheless, the Court intends to discuss the most appropriate use of this exhibit with the parties prior to admission.

- Defendants' objections to Plaintiff's Exhibits 7–13 are sustained.

- Plaintiffs' objections to Defendants' Exhibits 1–3 are sustained.

- Because Defendants no longer seek to introduce Defendants' Exhibit 12, Plaintiff's objection to Defendants' Exhibit 12 is denied as moot and Defendants' Exhibit 12 is excluded.

- With regard to Defendants' Exhibits 18 and 19, to the extent either party seeks to mention the *Hammond-Williams et al v. Warner Music Group et al*, 21-CV-1522 (SDNY) lawsuit on the first day of trial, the parties shall each submit letters to the Court no later than Sunday, February 22, 2026 at 5:00 p.m., advising the Court of their respective positions on

whether the initiation of litigation may constitute a basis for an unfair competition claim under New York law and the basis thereof.

Moreover, in light of their failure to produce Plaintiff's Exhibits 10–13 and related remarks made at the conference, no later than Monday, February 23, 2026 at 9:00 a.m., counsel for Plaintiff and Third-Party Defendants (collectively, the "Hammond Parties") shall certify to the Court that Plaintiff has produced all responsive documents pursuant to Rule 26. "[A] party must produce 'a copy . . . of all documents . . . that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses." *Pentair Water Treatment (OH) Co. v. Cont'l Ins. Co.*, 2009 WL 3817600, at *2 (S.D.N.Y. Nov. 16, 2009). "Furthermore, this obligation is ongoing, and a party must supplement its initial disclosures when additional information supporting its claims or defenses comes to its attention." *Id.* To ensure the Hammond Parties are now in full compliance with Rule 26, the Hammond Parties' counsel shall also certify to the Court that they have discussed the need to provide responsive documents with their clients, and to the extent they have yet to produce other responsive documents, they must do so prior to Monday, February 23, 2026 at 9:00 a.m.

SO ORDERED.

Dated:    February 20, 2026
          New York, New York

_____
Ronnie Abrams
United States District Judge

3