**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
THE ESTATE OF ROY C. HAMMOND,

                      Plaintiff,

          -against-

AARON FUCHS, et al.,

                    Defendants.
-----------------------------------------------------------------X

          **21-CV-01121 (RA) (VF)**

          **OPINION & ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On April 29, 2026, Defendant Aaron Fuchs and Defendant/Counterclaim Plaintiff/Third-Party Plaintiff TufAmerica, Inc. filed a letter motion seeking an order under Federal Rule of Civil Procedure 41(a)(2) permitting a voluntary dismissal without prejudice of TufAmerica's third-party claims against Third-Party Defendant Henry Cisco. ECF No. 239. Mr. Cisco, who is pro se, opposes the motion. ECF No. 242. For the reasons stated herein, the letter motion is **DENIED**.

A dismissal under Federal Rule of Civil Procedure 41(a)(2) "is not a dismissal as of right;" it requires court approval and "must be on terms that the court considers proper." Rhoden v. Mittal, No. 18-CV-6613 (LDH) (SJB), 2020 WL 8620716, at *2 (E.D.N.Y. Oct. 26, 2020) (internal quotation marks and citation omitted); see also Zagano v. Fordham Univ., 900 F.2d 12, 14 (2d Cir. 1990) (stating that a voluntary dismissal without prejudice is "not a matter of right"). Unless the court "order states otherwise, a Rule 41(a)(2) dismissal is without prejudice." Zhi Zhong Qiu v. Diamond, No. 19-CV-2050 (ER), 2020 WL 2192712, at *1 (S.D.N.Y. May 6, 2020). The grant or dismissal of a motion under Rule 41(a)(2) is "within the sound discretion of the trial court." Baby-Cakes Studio LLC v. Robinson, No. 20-CV-8779 (ALC) (KHP), 2021 WL 3604579, at *2 (S.D.N.Y. Aug. 12, 2021) (quoting Bynum v. Maplebear Inc., 209 F. Supp. 3d 528, 535 (E.D.N.Y. 2016)).

In the Second Circuit, there are two tests for "determining whether dismissal without prejudice would be inappropriate." Id. (quoting GFE Glob. Fin. & Eng'g Ltd. v. ECI Ltd. (USA), Inc., 291 F.R.D. 31, 36 (E.D.N.Y. 2013)). The first "test for dismissal without prejudice involves consideration of various factors, known as the Zagano factors." Id. (quoting Kwan v. Schlein, 634 F.3d 224, 230 (2d Cir. 2011)). The Zagano factors include: "the plaintiff's diligence in bringing the motion; any 'undue vexatiousness' on plaintiff's part; the extent to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." 900 F.2d at 14. The second test "examines whether the defendant would suffer some plain legal prejudice from a dismissal without prejudice, beyond the prospect of a second lawsuit." Baby-Cakes Studio, 2021 WL 3604579, at *2 (quoting Camilli v. Grimes, 436 F.3d 120, 123 (2d Cir. 2006)).

The second test is inapplicable under the circumstances of this case. That test, which examines whether Mr. Cisco would suffer some "plain legal prejudice other than the mere prospect of a second lawsuit," Jose Luis Pelaez, Inc. v. McGraw-Hill Glob. Educ. Holdings LLC, No. 16-CV-5393 (KMW), 2018 WL 1115517, at *2 (S.D.N.Y. Feb. 26, 2018) (citation omitted), is typically applied by courts in this Circuit when the defendant has alleged a counterclaim in the action that would be dismissed if the plaintiff's Rule 41(a)(2) motion were granted. See Brown v. Nat'l R.R. Passenger Corp., 293 F.R.D. 128, 131 (E.D.N.Y. 2013) ("Legal prejudice would occur, for example, if dismissal of the plaintiff's case also impairs the ability of a defendant to pursue a counterclaim in the same action that plaintiff seeks to dismiss."); GFE Glob. Fin. & Eng'g Ltd., 291 F.R.D. at 36 ("A finding of loss constituting plain legal prejudice is typically a means of protecting 'a defendant who is ready to pursue a claim [or defense] *in the same action*

2

that the plaintiff is seeking to have dismissed.'") (citing Staten Island Terminal, LLC v. Elberg, No. 11-CV-3262 (RRM) (LB), 2012 WL 1887126, at *3 (E.D.N.Y. May 23, 2012) and quoting Camilli, 436 F.3d at 124) (emphasis in original). As Mr. Cisco has not alleged a counterclaim in this action (see ECF No. 85), the legal prejudice test is inapplicable in assessing the appropriateness of dismissal without prejudice. See Lan v. Time Warner, Inc., No. 11-CV-2870 (AT) (JCF), 2016 WL 554588, at *4 (S.D.N.Y. Feb. 9, 2016) (denying plaintiff's Rule 41(a)(2) motion after only analyzing the Zagano factors); Thornton v. Young, No. 20-CV-10606 (ER), 2022 WL 14116750, at *2 (S.D.N.Y. Oct. 24, 2022) (stating that "'plain legal prejudice' includes 'the plight of a defendant who is ready to pursue a claim against the plaintiff *in the same action* that the plaintiff is seeking to have dismissed,'" making it a sufficient, but not required, basis for denying a Rule 41 motion) (quoting Ascentive, LLC v. Opinion Corp., No. 10-CV-4433 (ILG) (SMG), 2012 WL 1569573, at *2 (E.D.N.Y. May 3, 2012)) (emphasis in original).

Turning to the Zagano test, the first factor examines the moving party's diligence in bringing their dismissal motion. That factor weighs in Mr. Cisco's favor. "A plaintiff is often considered sufficiently diligent in moving for a voluntary dismissal so long as the motion was made 'before discovery begins in earnest.'" Stinson v. City Univ. of N.Y., No. 18-CV-5963 (RA), 2020 WL 2133368, at *2 (S.D.N.Y. May 4, 2020) (quoting Sec. Exch. Comm'n v. One or More Unknown Purchasers of Sec. of Telvent GIT, No. 11-CV-3794 (TPG), 2013 WL 1683665, at *2 (S.D.N.Y. Apr. 17, 2013)). Another consideration is "whether a plaintiff moved to dismiss the complaint without prejudice within a reasonable period of time after the occurrence of the event that led to the plaintiff's decision not to pursue the action." Ascentive, LLC, 2012 WL 1569573, at *4. "Generally speaking, however, '[i]n order for the plaintiff's delay to militate against a grant of dismissal, the [defendant] must show that it expended resources or otherwise

3

detrimentally relied on a reasonable expectation that the plaintiff would pursue its remaining claims.'" Stinson, 2020 WL 2133368, at *2 (quoting Banco Cent. De Para. v. Para. Humanitarian Found., Inc., No. 01-CV-9649 (JFK), 2006 WL 3456521, at *4 (S.D.N.Y. Nov. 30, 2006)) (alterations in original).

Here, Mr. Cisco responded to TufAmerica's third-party complaint; he engaged in discovery and was deposed by TufAmerica's counsel; the parties filed summary judgment motions which the Court decided; and the case was on the eve of trial before Defendants TufAmerica and Fuchs reached a settlement with the Estate of Roy C. Hammond and Plaintiff Sabrina M. Hammond-Williams. See ECF No. 85 (Cisco's answer to third-party complaint); ECF No. 146 (summary judgment decision allowing third-party claims against Cisco to proceed); ECF No. 165 at 6-7, 10 (final pretrial order listing Cisco as a witness and his emails as evidence for trial); ECF No. 167 (proposed verdict form listing Cisco as a party and addressing TufAmerica's third-party claims against Cisco). Given the settlement which resolves all of the Estate's claims against Defendants, TufAmerica moved to dismiss its third-party claims against Mr. Cisco soon after TufAmerica realized that Mr. Cisco opposed the settlement. But although TufAmerica moved to dismiss its claims against Mr. Cisco within a reasonable time after the settlement between Defendants and the Estate, the request for dismissal occurred after Mr. Cisco expended resources and time and the case was on the eve of trial. Deere & Co. v. MTD Holdings Inc., No. 00-CV-5936 (LMM), 2004 WL 1432554, at *2 (S.D.N.Y. June 24, 2004) (denying Rule 41(a)(2) dismissal because discovery was complete and the case was ready for trial).

The second Zagano factor, which looks at whether the moving party was unduly vexatious, weighs in TufAmerica's favor. In determining if a plaintiff is vexatious, courts consider whether a plaintiff brought an action "to harass the defendant" or if the plaintiff has "ill-

motive." Marquez v. Hoffman, No. 18-CV-7315 (ALC), 2020 WL 729664, at *3 (S.D.N.Y. Feb. 13, 2020) (citations omitted); see also Banco Cent. De Para., 2006 WL 3456521, at *5 ("Undue vexatiousness requires a finding of ill motive.") (internal quotation marks and citation omitted). Courts have found ill motive where a plaintiff has filed duplicative actions relating to the same injury. Marquez, 2020 WL 729664, at *3. Repeat filings against the same defendant is one type of harassment that should weigh against a dismissal without prejudice. See Paulino v. Taylor, 320 F.R.D. 107, 110 (S.D.N.Y 2017) ("Courts find ill-motive, where, for example . . . plaintiff filed duplicative actions relating to the same injury.") (quoting Banco Cent. De Para., 2006 WL 345621, at *5). Additionally, courts have found ill motive where "the plaintiff 'never had any intention of providing discovery in th[e] case but nonetheless permitted the case to proceed,' . . . or where the plaintiff assured the court it would proceed with its claims but then 'go[es] back on their word' and seeks dismissal." Banco Cent. De Para., 2006 WL 3456521, at *5 (alterations in original; citations omitted).

This factor favors TufAmerica because there is no indication that it filed duplicative actions or has asserted its claims to harass Mr. Cisco. Nor is there any evidence of ill motive. To the contrary, but for the settlement with the Estate, it appears that TufAmerica had every intention to proceed to trial with all of its claims, including those against Mr. Cisco. This is thus not a situation where the moving party permitted the case to proceed without any intention of providing discovery or seeing its claims resolved.

The third factor—the progress of the lawsuit—weighs in Mr. Cisco's favor. Many courts consider "[t]he extent to which a suit has progressed . . . of 'primary importance'" in resolving a Rule 41(a)(2) motion. Shaw Family Archives, Ltd. v. CMG Worldwide, Inc., No. 05-CV-3939 (CM), 2008 WL 4127549, at *7 (S.D.N.Y. Sept. 2., 2008) (citation omitted). "The standard for

concluding that a suit has progressed far enough to weigh against dismissal is high, and is usually satisfied only where substantial discovery, summary judgment motion practice, or trial preparation has occurred." Am. Fed'n of State, Cnty. & Mun. Emp. v. Pfizer, Inc., No. 12-CV-2237 (JPO), 2013 WL 2391713, at *4 (S.D.N.Y. June 3, 2013). As discussed, a trial was scheduled in this case and the parties were ready to proceed to trial on all claims in this action, including TufAmerica's third-party claims against Mr. Cisco. See Big Vision Private Ltd. v. E.I. DuPont De Nemours & Co., 1 F. Supp. 3d 224, 248 n.29 (S.D.N.Y. 2014) (holding that voluntary dismissal after summary judgment motion had been filed would be "procedurally improper"); Galasso v. Eisman, Zucker, Klein & Ruttenberg, 310 F. Supp. 2d 569, 572-73 (S.D.N.Y. 2004) (denying motion for voluntary dismissal without prejudice after summary judgment motion had been filed); George v. Pro. Disbosables Int'l, Inc., No. 15-CV-3385 (RA), 2017 WL 1740395, at *3-4 (S.D.N.Y. May 2, 2017) (denying motion to dismiss under Rule 41(a)(2) where the case had "progressed to a prejudicial point" where parties had moved for summary judgment); Deere & Co., 2004 WL 1432554, at *2 (denying motion to dismiss under Rule 41(a)(2) where "numerous depositions" were taken, "thousands of documents" were produced, discovery was complete, and although a trial date had not been set, the case was "basically ready to proceed to trial"); In re Lifetrade Litig., No. 17-CV-2987 (JPO), 2025 WL 1307699, at *2-3 (S.D.N.Y. May 6, 2025) (denying motion to dismiss under Rule 41(a)(2) where discovery was complete and summary judgment had been resolved). In cases where this factor weighs in favor of a dismissal without prejudice, the suit has not progressed to a trial ready posture, as it did here. Stinson, 2020 WL 2133368, at *5 (granting Rule 41 dismissal with prejudice were "[n]o discovery, summary judgment briefing, or trial preparation has occurred" and "suit has not progressed far"); see also Baldanzi v. WFC Holdings Corp., No. 07-CV-9551 (LTS), 2010 WL 125999, at *4 (S.D.N.Y.

Jan. 13, 2010) ("Courts applying the Zagano factors frequently place the greatest emphasis on the efforts expended by the defendant in discovery and trial preparation and the corresponding prejudice the defendant would suffer if forced to relitigate.").

The fourth factor, which examines the potential duplicative expense of relitigation, is neutral. "It is well established that the mere prospect of a second litigation upon the subject matter does not constitute legal prejudice" sufficient to deny a motion for voluntary dismissal. Sec. & Exec. Comm'n v. Compania Internacional, No. 11-CV-4904 (JPO), 2012 WL 1856491, at *6 (S.D.N.Y. May 22, 2012) (internal quotation marks and citations omitted); see also Jose Luis Pelaez, 2018 WL 1115517, at *3 ("[T]he prospect of starting an entirely new litigation, along with the attendant additional expense, does not translate to legal prejudice sufficient to deny a motion to voluntarily withdraw.") (citation omitted). Discovery closed in this case, but if TufAmerica were to reassert the same claims against Mr. Cisco, the discovery obtained in this action could be used in that newly filed case. Stinson, 2020 WL 2133368, at *5 (concluding that this factor weighed in favor of dismissal without prejudice where resources expended in gathering facts would "remain of value if Plaintiff's claims are further litigated in the Eastern District"); Jaskot v. Brown, 167 F.R.D. 372, 374 (S.D.N.Y. 1996) ("To the extent that the claims reappear, the same arguments and facts can be used at that time."). However, courts in this District have concluded that this Zagano factor weighs against dismissal without prejudice where the potential for duplicative litigation expense exists, and the case has progressed through the completion of discovery and summary judgment motions, as it has here. See In re Lifetrade Litig., 2025 WL 1307699, at *2 (concluding that the fourth Zagano factor weighed against dismissal without prejudice because defendant faced "a risk of duplicative expenses" in analogous case in Georgia "that would likely require resolving the same arguments and

evaluating the same evidence that has been raised in this forum"); Carter v. City of New York, No. 19-CV-5372 (PKC), 2021 WL 1999419, at *2 (S.D.N.Y. May 19, 2021) (concluding that relitigation of Monell claim "would entail duplicative expense" and thus fourth Zagano factor weighed in favor of dismissal with prejudice).

The fifth and final factor, which examines the adequacy of Plaintiffs' explanation, weighs in TufAmerica's favor. When analyzing this factor, courts inquire into whether a plaintiff "offers a reasonable explanation for why [he] wishes to have [his] remaining claims voluntarily dismissed without prejudice." Banco Cent. De Para., 2006 WL 3456521, at *7. "Courts may consider both stated and unstated explanations." Reynolds v. Onewest Bank, FSB, No. 11-CV-0081, 2011 WL 5357503, at *4 (D.Vt. Nov. 7, 2011). TufAmerica has offered a reasonable explanation for its request to dismiss its claims against Mr. Cisco. The Court is familiar with the history of the parties' settlement discussions. TufAmerica brought the instant motion for dismissal soon after it reached a settlement with the Estate. That settlement resolves all of the Estate's claims, as well as the claims of all the counterclaim defendants and third-party defendants, except for Mr. Cisco. ECF No. 239 at 1. It is for this reason that TufAmerica seeks to discontinue its claims against Mr. Cisco, because the core dispute between the parties that was driving this litigation has been resolved.

In sum, the second and fifth factors weigh in TufAmerica's favor, whereas the first and third factors weigh in Mr. Cisco's favor. And the third factor is of primary importance to Courts in this District. Despite the lack of evidence of bad faith, lack of diligence, or vexatiousness, given the procedural posture of the case, a dismissal without prejudice at this stage would be inappropriate.

**CONCLUSION**

For the foregoing reasons, Defendants' motion for dismissal without prejudice under Rule

41(a)(2) is **DENIED**.

The Clerk of Court is respectfully directed to close the gavels at ECF Nos. 239 and 242.

DATED:    New York, New York
          May 11, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge

9