**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
THE ESTATE OF ROY C. HAMMOND,

                    Plaintiff,

         -against-

AARON FUCHS, et al.,

                   Defendants.
------------------------------------------------------------------X

                **21-CV-01121 (RA) (VF)**

                      **ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge:**

On June 4, 2026, Glendina Hammond Martin filed a letter requesting that the terms of the settlement agreement between Plaintiff and Defendants be made public and to disclose the Estate's financial information. See ECF Nos. 260-261. For the reasons explained herein, the motion is **DENIED**.

Plaintiff, the Executor of Roy C. Hammond's estate, has the authority to settle the case with the Defendant. LoCurto v. LoCurto, No. 07-CV-8238 (NRB), 2008 WL 4410091, at *5 n.7 (S.D.N.Y. Sept. 25, 2008) ("Under New York law, the executor of an estate is empowered '[t]o contest, compromise or otherwise settle any claim in favor of the estate….'") (quoting N.Y. Est. Powers & Trusts Law § 11–1.1(13)). The parties also have the right to contract for the settlement agreement to remain confidential. Rauch Indus., Inc. v. Heart Artist LLC, No. 25-CV-7950 (JHR) (GS), 2025 WL 3209412, at *4 n.3 (S.D.N.Y. Nov. 17, 2025) ("[I]t is common for parties settling litigation to want to keep the terms of the settlement confidential."); ABF Cap. Managment v. Askin Cap., No. 95-CV-8905 (RWS), 2000 WL 191698, at *1 (S.D.N.Y. Feb. 10, 2000) ("In accordance with the terms of that agreement, the parties to the settlement were to keep the terms and conditions of the Settlement Agreement confidential."). Finally, with the exception of circumstances not present here, "[a] federal court generally lacks the authority to

review the terms on which parties settle a civil case." See Bazile v. Asset Prot. Grp. LLC, No. 18-CV-6820 (DLI) (SJB), 2019 WL 7985168, at *2 (E.D.N.Y. Nov. 27, 2019). To the extent that Ms. Hammond Martin asks for the Court to compel Plaintiff to disclose the financial records of the Estate, the Court lacks the authority to do so. For all of these reasons, the relief requested by Ms. Hammond Martin is inappropriate.

The Clerk of Court is respectfully directed to close the motion at ECF No. 261. The Clerk of the Court is directed to unseal the letters at ECF Nos. 260 and 261, but keep the exhibits filed at ECF Nos. 260-1 and 260-2 under seal.

**SO ORDERED.**

DATED:    New York, New York
          June 12, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge

2